UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY LAUES-GHOLSTON,

    Plaintiff,

vs.

    Civil Action No. 14-CV-10844
    HON. MARK A. GOLDSMITH

MERCEDES-BENZ FINANCIAL
SERVICES USA, LLC, et al.,

    Defendants.
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (DKTS. 25, 29), (2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 12, 2014 (DKT. 23), (3) GRANTING PLAINTIFF'S FIRST MOTION TO AMEND HIS COMPLAINT (DKT. 8) (4) DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION TO AMEND HIS COMPLAINT (DKT. 11), and (5) DENYING AS MOOT PLAINTIFF'S MOTION TO WITHDRAW HIS MOTIONS TO AMEND (DKT. 27)**

In this case, Plaintiff Roy Laues-Gholston, proceeding pro se, asserts claims under the Fair Debt Collection Practices Act against Defendants Mercedes-Benz Financial Services USAm LLC and the Law Offices of Richard A. Green ("LORG"). Compl. (Dkt. 1). All pretrial matters have been referred to Magistrate Judge David R. Grand. The matter is presently before the Court on various objections filed by Plaintiff Roy Laues-Gholston (Dkts. 25, 29) to the Magistrate Judge's Report and Recommendation (R&R) (Dkt. 23) and order (Dkt. 28).

Plaintiff's initial complaint was filed on February 24, 2014, and an answer was filed on March 13, 2014. On March 27, 2014, Plaintiff filed a motion for leave to amend his complaint (Dkt. 8) to add Richard A. Green as a Defendant and to sign his complaint. On April 14, 2014, Plaintiff filed his amended complaint on the docket (Dkt. 10), although his motion to amend had not been addressed by the Magistrate Judge or the Court. On April 17, 2014, Plaintiff filed a

1

second motion to amend his complaint (Dkt. 11), seeking to change the name of Defendant LORG to Defendant "Richard A. Green, P.C.," and to change the address listed for that Defendant (Dkt. 11). Defendants filed a response (Dkt. 16), arguing that "the entity known as 'Richard A. Green, P.C.' is, upon information and belief, a public accounting firm which is not related to this action and is not a proper party." Resp. at 2. Defendants assert that after Plaintiff filed his first motion to amend, Defendants informed Plaintiff that they had no opposition to his proposed amended complaint. Id.

On June 12, 2014, the Magistrate Judge filed an R&R that recommended granting Plaintiff's first motion to amend and denying the second motion to amend (Dkt. 23). The R&R notes that the parties appear to agree that the first amended complaint is proper. R&R at 3. Regarding the second amended complaint, the R&R states that Plaintiff has not submitted sufficient information to allow the Court to determine whether Richard A. Green, P.C., should be substituted for LORG, and that the second motion to amend should be denied without prejudice. Id. at 3-4.

Plaintiff filed objections to the R&R (Dkt. 25). Plaintiff raises the following objections: (i) Defendant LORG should not represent Defendant Mercedes-Benz; (ii) "LORG as MBFS representation in the State of Michigan Circuit Court proceedings;" (iii) "LORG filing of the Disclosure statement naming a party that is not a part of this complaint"; (iv) "LORG address;" and (v) "The discovery conference was 'moot.'" First Obj. at 7.

Subsequently, on June 27, 2014, Plaintiff filed a motion to withdraw as moot his two motions to amend (Dkt. 27). In this motion, Plaintiff indicates that he seeks to wait until after discovery to amend his complaint. On July 18, 2014, Magistrate Judge Grand entered an order (Dkt. 28) denying the motion to withdraw. The order states, in part, "The motions Plaintiff seeks

to withdraw have already been recommended for ruling, and thus are no longer before this Court." Order at 2. Plaintiff filed objections to the Magistrate Judge's order (Dkt. 29); Plaintiff argues that the order violates the Federal Rules of Civil Procedure by not allowing Plaintiff to liberally amend his complaint. Obj. at 6.

In light of these objections, the Court turns to governing law. The Court reviews de novo any portion of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b). When a party objects to a Magistrate Judge's non-dispositive order, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days of service of a responsive pleading, if a responsive pleading is required; once the deadline to amend as a matter of course has expired, a party "may amend its pleading only with the opposing party's written consent or the court's leave."

The Court first addresses, and rejects, Plaintiff's objections to the R&R. As an initial matter, these objections do not point to any claimed errors in the R&R; nor do the objections explain why Richard A. Green, P.C., as opposed to LORG, would be a proper Defendant in this matter. Rather, the objections raise issues that were not presented to the Magistrate Judge in the motions to amend; indeed, although the objections are not a model of clarity, they appear to present arguments that are unrelated to the motions to amend. Parties are generally not permitted to raise new arguments or claims before the district court that were not presented to the Magistrate Judge. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000). For these reasons, rejection of these objections is warranted.[1]

Further, the Court has reviewed the briefs and the R&R, and concludes that, as the R&R

---

[1] This ruling is without prejudice to Plaintiff's right to file motions premised on the substance of these grounds that were not presented to the Magistrate Judge.

recommends, Plaintiff's first motion to amend should be granted and his second motion to amend should be denied without prejudice. Granting Plaintiff's first motion to amend is proper for two reasons: (i) the first motion to amend, with the attached proposed amended complaint, was filed fourteen days after entry of Defendant's answer to the complaint, and thus Plaintiff was entitled to amend as a matter of course under Federal Rule of Civil Procedure 15(a); and (ii) the parties agree that the first amended complaint is proper.

However, regarding the second motion to amend, which seeks to substitute Richard A. Green, P.C. for LORG as a party Defendant, Plaintiff has presented no evidence that Richard A. Green, P.C. is the proper Defendant. Moreover, LORG maintains that Richard A. Green, P.C. is an unrelated entity and not a proper party to this case. For these reasons, it is appropriate to deny without prejudice Plaintiff's second motion to amend. Plaintiff may renew his motion to add Richard A. Green, P.C. as a party if Plaintiff is able to present evidence that this entity is a proper Defendant.

Because the Court has addressed the two motions to amend, Plaintiff's motion to withdraw must be denied as moot. Accordingly, the Court overrules Plaintiff's objections to the Magistrate Judge's order denying the motion to withdraw. The Court notes, as well, that these objections do not point to any clear error in the order or argue that the order is contrary to law; rather, the objections primarily seek to reserve Plaintiff's right to amend his complaint in the future. Under Federal Rule of Civil Procedure 15, Plaintiff may amend his pleading "with the opposing party's written consent or the court's leave," and nothing in this order or in the Magistrate Judge's R&R and order prohibits Plaintiff from filing additional motions to amend.

For these reasons, the Court overrules Plaintiff's objections, accepts the recommendation contained in the R&R, grants Plaintiff's first motion to amend, denies without prejudice his

4

second motion to amend, and denies as moot his motion to withdraw.[2]

SO ORDERED.

Dated: August 11, 2014               s/Mark A. Goldsmith
       Flint, Michigan               MARK A. GOLDSMITH
                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2014.

                                     s/Deborah J. Goltz
                                     DEBORAH J. GOLTZ
                                     Case Manager

---

[2] In his objections and motion, Plaintiff raises miscellaneous other arguments, which the Court rejects. First, Plaintiff asserts that the Magistrate Judge did not "timely respond" to his first motion to amend, Pl. First Obj. at 6, 8, but Plaintiff does not explain what deadlines the Magistrate Judge allegedly breached or why the claimed untimeliness would provide a basis for rejecting the R&R. Second, Plaintiff argues that all judicial officers presiding over this case should provide "verification that any actor who reviews or affects case number 14-10844 in any way furnish and enter into the record their oath to uphold the Constitution." Mot. to Withdraw at 1. However, Plaintiff does not provide any authority that supports his argument or indicates that his request is proper. Third, Plaintiff argues that the Magistrate Judge erred in listing "Mercedes-Benz Financial Services USA, LLC" as a Defendant, but Plaintiff does not explain why this constituted error; indeed, Plaintiff's initial complaint and both of his proposed amendments name Mercedes-Benz Financial Services USA, LLC as a Defendant. Fourth, Plaintiff, in his objections, seeks a declaratory judgment "as to the proper parties currently before this court in this instant case." Pl. Second Obj. at 7. However, Plaintiff's request for a declaratory judgment is unsupported and is contained, not in a properly-filed motion, but in one sentence of his objections. For these reasons, the Court rejects these miscellaneous arguments.