UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY LAUES-GHOLSTON,

                 Plaintiff,                        Civil Action No. 14-CV-10844

vs.                                         HON. MARK A. GOLDSMITH

MERCEDES-BENZ FINANCIAL
SERVICES USA, LLC, et al.,

                 Defendants.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 64),
(2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED NOVEMBER 28, 2014
(Dkt. 61), (3) GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND/OR
DISMISSAL (Dkt. 47), (4) DISMISSING CASE WITH PREJUDICE, AND (5) DENYING
ALL PENDING MOTIONS AND OBJECTIONS (Dkts. 36, 38, 42, 44, 52, 57, 58, 59) AS
MOOT**

## I.  INTRODUCTION

In this case, Plaintiff Roy Laues-Gholston, proceeding pro se, alleges that Defendants,

Mercedes-Benz Financial Services USA, LLC ("Mercedes-Benz"), the Law Offices of Richard

Green ("LORG"), and Richard Green, individually ("Green"), engaged in unlawful debt-

collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et

seq.  See Am. Compl. (Dkt. 10).[1]  The case was referred to Magistrate Judge David R. Grand for

all pretrial proceedings.  See Order of Referral (Dkt. 9).  The matter is presently before the Court

on (i) Plaintiff's Objections to the Magistrate Judge's Order striking Plaintiff's Amended

---

[1] Plaintiff's Amended Complaint — the operative Complaint in this action — erroneously states
that Plaintiff is bringing an action pursuant to 15 U.S.C. § 1601 et seq., the Fair Debt Collection
Practices Act.  Am. Compl. at 1 (Dkt. 10).  In actuality, the Fair Debt Collection Practices Act is
codified at 15 U.S.C. § 1692 et seq.  Section 1601 et seq. codifies the Truth in Lending Act.

Complaint and motion for declaratory judgment, 11/3/2014 Obj. (Dkt. 58);[2] (ii) Plaintiff's Objections to the Court's Order affirming the Magistrate Judge's Order granting Defendants' motion to compel, which the Court will interpret as a motion for reconsideration, Pl. Mot. for Reconsideration (Dkt. 59); (iii) the Magistrate Judge's Report and Recommendation ("R&R"), which recommends granting Defendants' motion for sanctions, (Dkt. 61); and (iv) Plaintiff's Objections to both the Magistrate Judge's R&R and the Magistrate Judge's Order staying the scheduling order, 12/12/2014 Obj. (Dkt. 64). The Court reviews de novo any portion of the R&R to which specific objections are filed. Fed. R. Civ. P. 72(b)(3). For the reasons discussed more fully below, the Court overrules Plaintiff's Objections to the Magistrate Judge's R&R, and accepts the Magistrate Judge's recommendation to grant Defendants' motion for sanctions and dispose of the case. Accordingly, the Court denies the remainder of Plaintiff's outstanding motions and objections as moot.

## II.   BACKGROUND

This case appears to revolve around a purported debt owed by Plaintiff to Defendant Mercedes-Benz arising out of the financing of a Mercedes-Benz vehicle, and the collection of that debt by Defendant Mercedes-Benz and its counsel, Defendant LORG, in an earlier state-court action. See R&R at 2-3. Plaintiff objects "to each and every paragraph of [Magistrate Judge Grand's] alleged Factual Background" on the basis that "[Magistrate Judge Grand] testifies to information without support of affidavit or evidentiary support." 12/12/2014 Obj. at 2 (cm/ecf page). Notably, however, Plaintiff does not offer any alternative set of facts which he might contend controls. In any event, the factual background is immaterial to the Magistrate

---

[2] Plaintiff filed his Objections twice, making the Objections at Docket No. 57 and Docket No. 58 duplicative.

Judge's recommended disposition of the case, as that recommendation is based on Plaintiff's present conduct in the current action.

### III.    ANALYSIS

As mentioned supra, a number of Plaintiff's filings are presently before the Court. However, because the Court accepts the disposition recommended in the Magistrate Judge's R&R, the Court need not address Plaintiff's other filings, and denies them as moot.

Plaintiff's objections are largely incoherent.    They appear to comprise mostly of unsubstantiated allegations of abuse and fraud by and against Defendants' counsel and Magistrate Judge Grand.  See generally 12/12/2014 Obj.  Plaintiff also repeatedly asserts that the Court lacks jurisdiction over the Magistrate Judge's R&R for a variety of reasons, including: (i) fraud and bias, (ii) Defendants' purported failure to dispute or impeach Plaintiff's affidavit with an affidavit of their own, and (iii) because Defendants' motion to compel was not properly before the Court.  Id. at 2, 3, 4 (cm/ecf pages).[3]  Plaintiff also makes claims that Defendant Green impermissibly interfered with the discovery process by failing to provide answers from the "real party in interest," and by engaging in witness tampering.  Id. at 4 (cm/ecf page). Plaintiff further submits that he was harassed into attending "a sham Court Hearing" designed to "[embarrass] and waste the court resources," and that Plaintiff's deposition was procured by fraud, as he was under duress and could not focus on the deposition questions "for fear of retaliation" from Magistrate Judge Grand.  Id.  The remainder of Plaintiff's objections consists of a "judicial notice" and a "memorandum of law in support of judicial notice" indicating that

---

[3] This Court has already addressed the Magistrate Judge's previous order concerning Defendants' motion to compel, as well as Plaintiff's objections with respect to that order.  See 10/21/2014 Order (Dkt. 55).

Plaintiff intends to sue Defendant Green and his business associates under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964. Id. at 4-9 (cm/ecf pages).[4]

The Court finds that none of Plaintiff's statements constitute cognizable objections to the Magistrate Judge's R&R recommending dismissal as a sanction for Plaintiff's repeated non-compliance with the Court's discovery order. Most — if not all — of Plaintiff's statements are conclusory assertions, devoid of further factual or legal support. To the extent Plaintiff provides legal support, he cites to legal rules or principles that are taken out of context, and without any additional explanation or development. See, e.g., id. at 2 (cm/ecf page) (citing to Fed. R. of Evid. 301 for the proposition that "defendants had the burden of producing evidence to rebut the presumption in plaintiff's affidavit [] of not owing [Defendant Mercedes-Benz] any money. Defendant is estopped from later entering on the record evidence of a debt owed."). Generally, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) (alterations in original) (citations and internal quotation marks omitted). Accordingly, the Court concludes that Plaintiff's objections are overruled.

The Court has reviewed the R&R, as well as the underlying motion and its accompanying exhibits and appendices, which indicate that Plaintiff repeatedly engaged in dilatory behavior that was the result of willfulness and bad faith. As the docket reflects, a motion to compel was

---

[4] Plaintiff also states that, "[Magistrate Judge] Grand's so-called motion to dismiss for failing to state a claim upon which relief can be granted must fail as Plaintiff's averments do constitute a claim upon which relief can be granted." 12/12/2014 Obj. at 9 (cm/ecf page) (emphasis in original). However, this argument fails to appreciate that Plaintiff's claims are being dismissed for his failure to participate meaningfully and in a cooperative manner in the discovery process, not for failure to state a claim pursuant to a motion to dismiss, and certainly not on a motion of the Magistrate Judge's own initiative.

necessary to prompt Plaintiff to respond to Defendants' discovery requests in the first instance. See Defs. Mot. to Compel (Dkt. 32); 9/4/2014 Order (Dkt. 37) (Magistrate Judge's order granting motion to compel); 10/21/2014 Order (Dkt. 55) (Court's order affirming Magistrate Judge's order granting motion to compel over Plaintiff's objections). The Magistrate Judge's Order made explicit that Plaintiff's subsequent failure to comply fully and truthfully in the discovery process would result in a recommendation that his case be dismissed. 9/4/2014 Order at 2.

Notwithstanding the Magistrate Judge's warning, Plaintiff's discovery responses and his subsequent associated behavior continued to demonstrate an unwillingness to meaningfully cooperate in the discovery process. For instance, Defendants' requests for admissions ask Plaintiff to admit, among other foundational facts, facts that would establish that Plaintiff executed a contract for the purpose of financing a 2009 Mercedes-Benz vehicle; that Plaintiff's signature appeared on the contract; that Plaintiff financed the purchase of the 2009 Mercedes-Benz vehicle; and that Plaintiff borrowed $87,745 to purchase the vehicle. See Discovery Requests to Pl., App. A to Defs. Mot. for Sanctions, at 3-7 (cm/ecf pages) (Dkt. 47-5). For Plaintiff's convenience, the paperwork surrounding the vehicle purchase, to which many of the requests referred, was included within the requests for admissions. See id. at 8-11 (cm/ecf pages). In response, Plaintiff objected to the requests on grounds of relevance, inadmissibility of evidence, and harassment. Pl. Resp. to Discovery Requests, App. B to Defs. Mot. for Sanctions, at 2 (cm/ecf page) (Dkt. 47-6). Plaintiff also individually responded to each of the requests, however, the responses merely, and almost uniformly, assert that Plaintiff had not entered into a contract with, or owed no monetary obligation to, Defendant Mercedes-Benz, id. at 3 (cm/ecf page), despite the absence of any reference to, or mention of, Defendant Mercedes-Benz in any

of the requests for admission. Plaintiff also made similar objections and statements in response to Defendants' interrogatories and requests for productions. See id. at 4-7 (cm/ecf pages). As detailed in Defendants' motion for sanctions and in the Magistrate Judge's R&R, this type of obstructionist conduct continued during Defendants' deposition of Plaintiff, which was scheduled to take place at the Ann Arbor courthouse in the event that the Magistrate Judge's intervention was necessary, a premonition that came to fruition.

While lesser sanctions may be appropriate in other circumstances, Plaintiff's continued and subsequent behavior demonstrates that lesser sanctions are unlikely to improve Plaintiff's overall attitude toward this case. This is particularly evident from Plaintiff's deposition wherein — even after the Magistrate Judge's intervention on the record — Plaintiff's answers were evasive, e.g., Laues-Gholston Dep., App. C to Defs. Mot. for Sanctions, at 8, 13 (cm/ecf pages) (Dkt. 47-7), non-responsive, id. at 11, 13 (cm/ecf pages), and contradictory, id. at 8 (cm/ecf page), on even the most basic or simplest of questions. Furthermore, Plaintiff's conspicuous absence from the Magistrate Judge's scheduled hearing on Defendants' motion for sanctions, see R&R at 18, highlights Plaintiff's lack of respect for the Court's institutional authority over this case, making it unlikely that Plaintiff will comply with future court orders in this case. Defendants have already expended considerable time and resources in an attempt to litigate this case smoothly and efficiently; allowing Plaintiff to continue to stonewall Defendants at every turn would only exacerbate the prejudice already suffered and defeats the interests of justice.

Finally, the Court's decision should come as no surprise to Plaintiff, who was warned that a failure to comply with the Magistrate Judge's order would result in dismissal of his case. Not only did the Magistrate Judge explain to Plaintiff his discovery obligations on the record, but the

Magistrate Judge also warned Plaintiff of the consequences of failing to comply with those obligations: dismissal of the case. R&R at 5. This warning was memorialized in the Magistrate Judge's written order following the hearing on Defendants' motion to compel. Id. Yet, Plaintiff continued to undermine Defendants' legitimate attempts at discovery. Plaintiff was also warned a second time — indeed, during a hearing on the record necessitated by Plaintiff's bad-faith conduct during his deposition — that a failure to cooperate could result in a dismissal of his action. Id. at 8. And still, being fully aware of the consequences of his actions, Plaintiff continued to provide disingenuous answers to Defendants' deposition questions.

Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's Amended Complaint should be dismissed with prejudice.

In addition to recommending dismissal of the case, the Magistrate Judge also recommended the imposition of a monetary sanction. R&R at 17. In their motion to compel, Defendants requested reasonable costs and attorney fees of $750.00, and the Magistrate Judge took the request under advisement in granting the motion. Id. In the R&R, the Magistrate Judge concluded that, as the prevailing party on their motion to compel and in the absence of any applicable exception under the pertinent Federal Rule of Civil Procedure, Defendants were entitled to reasonable expenses incurred in connection with the motion. Id. at 17-18. As such, the Magistrate Judge recommended awarding Defendants $750.00 in reasonable expenses. Plaintiff's objections do not specifically address the monetary sanction, and the Court finds that the Magistrate Judge was correct in his conclusion and, therefore, will included the sanction as part of the instant Order. Plaintiff must pay the $750.00 within 21 days of service of this Order by check, made payable to all Defendants and transmitted to Richard Green as attorney for all Defendants.

7

### IV.    CONCLUSION

The Court has reviewed the Magistrate Judge's R&R and agrees with the recommendation contained therein.  Consequently, Defendants' motion for sanctions (Dkt. 47) is granted, Plaintiff's claims are dismissed with prejudice, and all pending motions and objections are denied, as moot.  Plaintiff is to pay Defendants $750.00 as directed above.


Dated:  June 2, 2015                              s/Mark A. Goldsmith
      Detroit, Michigan                    MARK A. GOLDSMITH
                                     United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2015.

                                       s/Johnetta M. Curry-Williams
                                       Case Manager